UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TAURYVORISE LIPSCOMB,<br><br>    Plaintiff,<br><br>        v.<br><br>CENTURION HEALTH SERVICE LLC,<br>et al.,<br><br>    Defendants. | CAUSE NO. 3:22-CV-106-JD-MGG |

OPINION AND ORDER

Tauryvorise Lipscomb, a prisoner without a lawyer, filed a complaint alleging that his requests for medical care for his severe asthma have been ignored and that he continues to suffer without care. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lipscomb, who is housed at Westville Correctional Facility, states that he suffers from severe asthma and, despite requesting medical care for the past two and one-half years, he has been refused appropriate care for his asthma. ECF 1 at 6. He alleges he has submitted multiple healthcare requests to the medical staff because he needs an inhaler,

breathing treatments, and care for his asthma attacks. *Id*. However, all of his attempts to obtain the care he needs have failed. *Id*. When he has had asthma attacks, he states he has been left to die because the medical staff has told him they "are not coming" and will not provide him with care. *Id.* After an attack subsides and he feels better, he has been told to submit a healthcare request form. *Id*. Lipscomb states there was one instance when he was having an asthma attack that a prison officer pushed the emergency button on his radio so that medical staff would come and assist him. *Id*.

Lipscomb states he spoke with Warden John Galipeau on several occasions about his difficulty in obtaining an inhaler from the medical staff and why the grievance officer had not responded to his grievance against the medical staff. *Id*. at 9. Warden Galipeau told Lipscomb to write him a letter about the situation. *Id*. However, after he wrote to Warden Galipeau, Lipscomb never received a response from Warden Galipeau. *Id*.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the

2

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Because Lipscomb alleges that he had several discussions directly with Warden Galipeau about his medical concerns and it can be plausibly inferred that he took no steps to remedy the situation, he may proceed against Warden Galipeau in his individual capacity on his claim that he received constitutionally inadequate medical care, in violation of the Eighth Amendment. He may also proceed against Warden Gailpeau in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Lipscomb has sued Wexford Health Service, LLC and Centurion Health Service, LLC. ECF 1 at 8. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.*

Lipscomb speculates that Wexford and Centurion have a company policy or practice of denying necessary medical care to inmates to save money and they place

3

their profit margin over the health and well-being of inmates. ECF 1 at 8. He believes this policy is responsible for the denial of care for his severe asthma. However, he has not alleged facts from which it can be plausibly inferred that this policy exists or that it is the reason he has not received medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, Wexford and Centurion will be dismissed.

For these reasons, the court:

(1) GRANTS Tauryvorise Lipscomb leave to proceed against Warden John Galipeau in his individual capacity for compensatory and punitive damages for failing to

provide him with adequate medical care for his severe asthma, in violation of the Eighth Amendment;

(2) GRANTS Tauryvorise Lipscomb leave to proceed against Warden John Galipeau in his official capacity for injunctive relief to provide constitutionally adequate medical care for his severe asthma, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford Health Service, LLC and Centurion Health Service, LLC;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk to fax or email the same documents to Warden John Galipeau at the Westville Correctional Facility;

(7) ORDERS Warden John Galipeau to provide a sworn declaration or affidavit with supporting medical documentation as necessary by **March 3, 2022**, explaining how Tauryvorise Lipscomb's severe asthma, IDOC # 280629, is being addressed in a manner that complies with the Eighth Amendment; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 14, 2022

                                                s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT