UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAURYVORISE LIPSCOMB,

Plaintiff,

v.                                              CAUSE NO. 3:22-CV-106-JD-MGG

WARDEN GALIPEAU,

Defendant.

OPINION AND ORDER

Tauryvorise Lipscomb, a prisoner without a lawyer, proceeds on an Eighth

Amendment claim against Warden Galipeau for failing to provide adequate medical

care for his asthma condition and on an injunctive relief claim for the medical care to

which he is entitled under the Eighth Amendment. ECF 19. Warden Galipeau filed a

motion for summary judgment, arguing that Lipscomb did not exhaust his

administrative remedies with respect to his claim. ECF 40.

The Indiana Department of Correction maintains a grievance policy.[1] ECF 40-3.

According to the grievance policy, inmates are informed of the grievance process at

orientation and how they may obtain access to a copy of the grievance policy. *Id.* at 7-8.

---

[1] The Warden has attached three versions of the grievance policy each with different effective
dates: (1) October 1, 2017; (2) April 1, 2020; and (3) September 1, 2020. ECF 40-1; ECF 40-2; ECF 40-3.
Lipscomb filed the complaint on January 20, 2022, alleging that he has been seeking adequate treatment
for "over two and a half years." ECF 1 at 7.  Nevertheless, the dates referenced and exhibits filed by
Lipscomb suggest that the most recent version is the version that is relevant to his efforts to complete the
grievance process, and the court discerns no differences between the versions that would affect the
outcome of this order. Therefore, in the interest of clarity, the court will reference only the most recent
version of the grievance policy.

Inmates are also provided with a copy or access to a copy of an inmate handbook, which includes a section of the grievance process. *Id.* The grievance policy sets forth a three-step grievance process. ECF 40-3 at 9-14. First, an inmate must file a formal grievance with the grievance specialist. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

Inmates must submit formal grievances within ten business days of the incident at issue. *Id.* If the inmate does not receive a receipt or rejection form from the grievance specialist within ten business days of submitting it, the inmate must notify the grievance specialist. *Id.* If the inmate receives a receipt for the grievance without any further response for twenty business days, he may appeal as though the grievance had been denied. *Id.*

In the complaint, filed January 31, 2022, Lipscomb describes his efforts to complete the grievance process as follows:

> I spoke to Warden John Galipeau on several occasions about receiving my inhaler from medical about why his grievance officer has not yet responded to my grievance against the medical department so I can receive my inhaler, breathing treatments, something! Galipeau told me to write him after he started to play with his phone as if he were taking notes. I wrote to John Galipeau (Warden) and have not received a response back.
>
> * * *
>
> I have spoken to the Warden John Galipeau, [submitted medical requests], and filed grievance. I have not received an answer back as of yet.

ECF 1 at 9-10.

In response to the motion for summary judgment, Lipscomb describes additional

efforts:

> Plaintiff had filed a grievance on 3-29-22 in which grievance was received
> by specialist on 4-20-22 and returned on 4-27-22.
>
> * * *
>
> In this case offender Lipscomb (Plaintiff) filed several requests dated 7-17-
> 22 witnessed and signed by Officer Whitney on 7-18-22 and placed in the
> mail. The requests were inquiring about Plaintiff's grievance on how to
> proceed in the grievance process if no answer was given and how to
> acquire a grievance appeal. These requests were not responded to.

ECF 62 at 6-7. Lipscomb also submitted law library requests from May 2022 and June

2022 in which he requested various forms, including disciplinary appeal forms and

grievance forms. ECF 45-1. He also submitted affidavits from other inmates, who attest

that they did not receive responses to their grievances submitted in November 2019 and

March 2022. ECF 51, ECF 52.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material

fact exists, the court must construe all facts in the light most favorable to the non-

moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351

F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Warden argues that exhaustion of administrative remedies is a prerequisite for filing this case and that Lipscomb's efforts to complete the grievance process after the initiation of this case are insufficient to satisfy the exhaustion requirement. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The court agrees that Lipscomb was required to exhaust administrative remedies before filing this case and that Lipscomb cannot satisfy this requirement with his efforts to complete the grievance process from March 2022 on.

The record demonstrates that Lipscomb did not exhaust his administrative remedies prior to filing the complaint. According to the complaint, Lipscomb submitted a grievance regarding his claim but did not receive a response, and he spoke with the

Warden to follow up on the grievance. However, the grievance policy requires inmates to follow up on such grievances by notifying the grievance officer within ten business days of submitting the grievance. Consequently, Lipscomb did not comply with the grievance policy and failed to exhaust his administrative remedies.

Lipscomb may be attempting to demonstrate that the grievance process is not available by showing that he inquired about the grievance process but received no response in July 2022. The grievance policy indicates that the grievance policy is available to inmates as a general proposition. Lipscomb's unanswered inquiries suggest that he did not have access to the grievance policy in July 2022, but the relevant time period is from January 2020[2] to January 2022, when the complaint was filed. The affidavits describing the isolated experiences of two other inmates occurring in November 2019 and March 2022 are similarly insufficient to suggest that information about the grievance process was unavailable to Lipscomb during this time. Further, Lipscomb did not submit copies of his requests as exhibits, and the description of the unanswered inquiries are vague as Lipscomb does not identify the addressees or specifically describe the contents of the inquiries. In sum, the record demonstrates that the grievance policy was available to Lipscomb at the relevant times, and the evidence submitted by Lipscomb is insufficient to create a genuine dispute on this factual issue.

---

[2] Lipscomb does not provide dates for the efforts to complete the grievance process described in the complaint. However, the record indicates that he did not arrive at the Westville Correctional Facility until at least January 2020. ECF 1-1 at 12.

In sum, the record demonstrates that the grievance process was available to Lipscomb before he filed the complaint but that Lipscomb did not follow up with the grievance officer as required by the grievance policy when he did not receive a response to his grievance. Because Lipscomb did not exhaust his available administrative remedies, the motion for summary judgment is granted, and this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 40);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on February 6, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT